UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:94-CV-312-BO

KNOLL INTERNATIONAL, INC. LONG )
TERM DISABILITY PLAN and CONTINENTAL )
CASUALTY COMPANY, )
                                )
    Plaintiffs, )
                                )
v. )     O R D E R
                                )
SUSAN E. YORK, )
                                )
    Defendant. )

This cause comes before the Court on defendant's *pro se* motion for reconsideration. [DE 59]. For the reasons that follow, defendant's motion [DE 59] is DENIED.

## BACKGROUND

In 1994, plaintiff brought this action for overpayment of disability insurance proceeds to defendant. Defendant was employed by Knoll International, Inc. from 1970 to 1990. In 1990, she became disabled and began receiving disability insurance benefits provided by plaintiffs. The case was closed in 1998 upon the affirmation of a bankruptcy court order. Then, in May 1999, the case was reopened upon defendant's motion alleging wrongful termination of disability pension benefits. The case was again closed in February 2000 when the parties stipulated to dismissal. Defendant has since been involved in other actions in the Eastern District of North Carolina involving her pension benefits, including as recently as 2013.

In February 2019, defendant filed a motion styled as a motion for reconsideration in this action, nineteen years after it was closed. Defendant names CBS Corporation as the defendant in her caption, although CBS Corporation is not a party to this action. Defendant attaches a letter from CBS's Chief Security Officer, a copy of the Court's May 1999 order reopening this case, and

her benefits statements from 1986 and 1987. Specifically, defendant requests that CBS pay her "Fully Unreduced" Knoll pension and alleges that "CBS has committed wrong doing."

DISCUSSION

At the outset, the Court construes defendant's motion as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). A motion to reconsider filed more than ten days after entry of judgment is treated as a motion seeking relief under Rule 60(b). *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996). Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . fraud;" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Upon a motion under Rule 60(b), "[a]s a threshold matter the movant must demonstrate the existence of a meritorious claim or defense," and "[a] party seeking relief under subsection (3) of the rule must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (emphasis added); *see also Smith v. Reddy*, 101 F.3d 351, 357 (4th Cir. 1996). "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (internal quotation and citation omitted).

Defendant fails to make the threshold showing under Rule 60(b). She has not presented any grounds which would justify reopening this case or reconsidering the Court's dismissal with prejudice upon the parties' stipulation. Plaintiff appears to be seeking relief against CBS

2

Corporation, which is not a party to this action. Because defendant has not shown good cause for reconsidering the Court's prior orders in this case, her motion must be denied.

## CONCLUSION

For the above reasons, defendant's *pro se* motion for reconsideration [DE 59] is DENIED.

SO ORDERED, this 23 day of February, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE